UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE ROBERT COLLIER, CDCR #AP-8482, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES HILL, Warden, KATHLEEN ALLISON, Secretary and A. MAY, Reviewing Authority, <br><br> Defendants. | Case No.: 26-cv-02573-AJB-MMP <br><br> **ORDER:** <br><br> **1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS,** <br><br> **2) DENYING MOTION FOR APPOINTMENT OF COUNSEL, and** <br><br> **3) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |

Plaintiff Joe Robert Collier, a state prisoner proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, along with a Motion to proceed *in forma pauperis* ("IFP") and a Motion for appointment of counsel. (Doc. Nos. 1–3.)

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceepd IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1) & (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1) & (2); *Bruce*, 577 U.S. at 84.

In support of his IFP motion, Plaintiff has submitted a copy of his trust account statement attested to by a California Department of Corrections and Rehabilitation ("CDCR") trust account official. (Doc. No. 4 at 4.) The document shows he had an average monthly balance of $14.68 and average monthly deposits of $13.12, with an available balance of $7.17. (*Id.*) The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses a $2.93 initial partial filing fee. Plaintiff remains obligated to pay the $347.07 balance of the filing fee required by 28 U.S.C. § 1914 pursuant to the installment payment provisions of 28 U.S.C. § 1915(b)(1).

**II.    Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

**A.    Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). The Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*) (28 U.S.C. § 1915(e)(2));

*Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (28 U.S.C. § 1915A(b)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

**B.     Allegations in the Complaint**

Plaintiff claims that the CDCR has violated his federal due process rights by adopting a regulation inconsistent with California Proposition 57 ("Prop 57"), which provides that any person convicted of a nonviolent offense is eligible for parole consideration after completing the full term of their primary commitment offense. (Doc. No. 1 at 9–10, 18.) On February 10, 2011, Plaintiff was convicted in Santa Clara County Superior Court of first-degree residential burglary by entering a residence with intent to commit theft while another person other than an accomplice was present, and is serving a sentence of 40 years to life, consisting of 25 years to life for the burglary conviction

enhanced under California's three strikes law, plus a five-year enhancement for each of three prior felony convictions. (*Id*. at 13–14.)

Plaintiff alleges that while housed at the R.J. Donovan Correctional Facility ("RJD") in San Diego, California, he filed a CDCR grievance requesting parole consideration on the basis that he had served the full six-year primary term on his burglary offense, which he argued did not constitute a violent crime under Prop 57 because it did not involve a verbal threat, physical force, or injury to another person. (*Id*. at 19–20, 24.) The grievance was denied on June 9, 2025, on basis that the CDCR, consistent with California Penal Code § 667.5, considers his burglary offense a violent crime "due to a person being present during the burglary." (*Id*.) Plaintiff argues that he was denied a state created liberty interest in parole consideration protected by federal due process because "[i]n order for a conviction to qualify as a violent crime it must involve the same conduct as defined by federal law, that is physical force capable of causing physical pain or injury to another person. *Johnson v. United States*, 559 U.S. 133, 140 (2010)." (*Id*. at 14.)

The Complaint names as Defendants RJD Warden James Hill, former Secretary of the CDCR Kathleen Allison, and Reviewing Authority A. May who denied the grievance. (*Id*. at 2.) Plaintiff claims his right to federal due process was violated by the denial of his grievance, and requests immediate parole consideration and monetary damages for ten years of illegal incarceration. (*Id*. at 7, 12, 24.)

### C.    Discussion

The Fourteenth Amendment's Due Process Clause protects against deprivations of life, liberty, or property. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Federal due process does not provide any right "to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Nevertheless, "[s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483–84 (1995). California law creates a liberty interest in parole protected by the Fourteenth Amendment. *Cooke*, 562 U.S. at 219 (citing *Board of*

26-cv-02573-AJB-MMP

*Pardons v. Allen*, 482 U.S. 369, 373–81 (1987); *Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 12 (1979)).

Prop 57 amended the California Constitution to provide that: "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for [their] primary offense." Cal. Const. art. I, § 32(a)(1). The "full term for the primary offense" refers to "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1)(A). It also provides that the CDCR "shall adopt regulations in furtherance of these provisions, and the Secretary of the [CDCR] shall certify that these regulations protect and enhance public safety." Cal. Const., art. I, § 32(b).

The Supreme Court has found that similar mandatory language and the structure of a state parole statute analogous to Prop 57 created a liberty interest protected by the Fourteenth Amendment. *Greenholtz*, 442 U.S. at 12; *Cooke*, 562 U.S. at 220–21 (holding that the protected interest is procedural, not substantive, and the procedures necessary to protect that interest "are minimal.") Although the Supreme Court has also found that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration," it has recognized that a claim such as the one Plaintiff presents here, which, if successful, would lead only to parole consideration, can be cognizable in a § 1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *see also Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997) (concluding that § 1983 claim was cognizable because "[t]he only benefit that a victory in this case would provide [prisoners], beside the possibility of monetary damages, is [eligibility for parole consideration].") California courts have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." *Daniels v. California Department of Corrections and Rehabilitation*, 2018

WL 489155, at *3 (E.D. Cal. Jan. 19, 2018). Thus, if Plaintiff were to prevail on his claim, it would not necessarily result in a speedier release from prison, but would merely provide him with earlier parole consideration, and would not compel a grant of parole but merely a hearing. *See also Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (*en banc*) (noting that "the parole board must consider all relevant, reliable information" in determining parole suitability, and may deny parole "on the basis of any of the grounds presently available to it.") (citations and quote marks omitted).

Accordingly, Plaintiff has plausibly alleged that Prop 57 created a liberty interest protected by the Fourteenth Amendment's Due Process Clause in receiving parole consideration for non-violent offenders who have served the full term of their primary offense. However, for the following reasons, Plaintiff has not plausibly alleged he was denied due process by the determination of Reviewing Authority May, under the supervision of RJD Warden Hill, based on a regulation promulgated by the CDCR and certified by former CDCR Secretary Allison, that Prop 57 does not apply to him because his burglary offense is a violent crime.

The CDCR has promulgated a regulation pursuant to Prop 57 defining a violent felony as "a crime or enhancement as defined in subdivision (c) of Section 667.5 of the Penal Code." Cal. Code Regs, tit. 15, § 3490(c) (2019). That section of the California Penal Code provides that "for purposes of this section, 'violent felony' means any of the following: . . . (21) any burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." Cal. Penal Code § 667.5(c)(21). Prop 57 has been interpreted by the California courts to exclude from parole consideration inmates with violent felony convictions "as defined in Penal Code 667.5(c)." *In re Hicks*, 97 Cal. App. 5th 348, 410 (2023).

Plaintiff's § 1983 claim is based on the denial of an inmate grievance pursuant to the CDCR regulation, which treats his offense as violent under Penal Code § 667.5(c)(21) because someone other than an accomplice was in the residence during the burglary.

26-cv-02573-AJB-MMP

However, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("The Supreme Court has also held that to obtain a protectable right an individual must have a legitimate claim of entitlement to it, [but] there is no legitimate claim of entitlement to a grievance procedure.") (citations and internal quotations marks omitted)).

Thus, actions in denying Plaintiff's inmate grievance cannot serve as the basis for liability in a § 1983 action. *Adams*, 855 F.2d at 640; *see also George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible [under § 1983]. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.") (citations omitted). Plaintiff therefore cannot seek relief from Defendant May merely for denying his grievance based on the CDCR regulation which treats his commitment offense as a violent crime. Even if he could, he does not plausibly allege he was denied federal due process because his reliance on *Johnson v. United States* to argue that the CDCR regulation violates due process because it did not adopt the federal definition of a violent crime is unavailing, as that case defined a violent crime for purposes of the federal Armed Career Criminal Act, not a state statute. *See Johnson*, 559 U.S. at 138–42 (holding that Florida felony offense of battery was not a violent crime under the ACCA because it does not have as an element the use of physical force against another person).

Nor has Plaintiff identified a basis for seeking relief against former CDCR Secretary Allison based on her responsibility under the California Constitution with respect to the adoption of the regulation. *See* Cal. Const., art. I, § 32(b) (providing that the CDCR "shall

adopt regulations in furtherance of these provisions, and the Secretary of the [CDCR] shall certify that these regulations protect and enhance public safety.") As noted above, the CDCR promulgated a regulation defining a violent felony as "a crime or enhancement as defined in subdivision (c) of Section 667.5 of the Penal Code." Cal. Code Regs., tit. 15, § 3490(c). That section of the California Penal Code provides that "for purposes of this section, 'violent felony' means any of the following: . . . (21) any burglary of the first degree, as defined in subdivision (a) of Section 460, wherein it is charged and proved that another person, other than an accomplice, was present in the residence during the commission of the burglary." Cal. Penal Code § 667.5(c)(21). Plaintiff fails to plausibly allege that former Secretary Allison's certification that California Code of Regulations, tit. 15, § 3490(c) deprived him of a protected liberty interest in parole consideration for nonviolent offenders merely because the regulation did not adopt his view that his burglary offence should be considered nonviolent since it did not involve a verbal threat, physical force, or injury to another person.

Likewise, Plaintiff provides no allegations against RJD Warden Hill, other than he "is the authorized person having custody of Petitioner." (Doc. No. 1 at 2.) "In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no *respondeat superior* liability under section 1983." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may only be held liable if they were "personally involved in the constitutional violation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1074–75 (9th Cir. 2013). At most, the Complaint alleges Warden Hill failed to supervise Defendant May, who, as set forth above, could not have caused a constitutional violation merely by denying Plaintiff's grievance.

Finally, to the extent that under a liberal reading of the Complaint Plaintiff seeks to hold the CDCR liable for promulgation of California Code of Regulations, tit. 15, § 3490(c) or its application to him, he has failed to state a claim because states and state agencies are

26-cv-02573-AJB-MMP

generally immune from suit in federal court and are not "persons" within the meaning of 42 U.S.C. § 1983. *Howlett By & Through Howlett v. Rose*, 496 U.S. 356, 365 (1990) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Christman v. Micheletti*, 302 F. App'x 742, 743 (9th Cir. 2008) (affirming dismissal because CDCR not a "person" under section 1983). In any case, Plaintiff cannot state a § 1983 claim based merely on a challenge to a prison regulation. *See Cousins v. Lockyer*, 568 F.3d 1063, 1070 (9th Cir. 2009) (allegations of violations of state prison regulations fail to plead a constitutional claim); *Lovell v. Poway Unified School Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.").

In sum, Plaintiff has not, and clearly cannot, plausibly allege he was denied a federally protected liberty interest in Prop 57 parole consideration for nonviolent offenders for the simple reason that he is not a nonviolent offender. Prop 57 does not apply to him since his primary commitment offense, first-degree burglary where another person other than an accomplice was present, has been determined by state law and CDCR regulations to be a violent crime for the purposes of Prop 57. Plaintiff has failed to plausibly allege he was not afforded procedural or substantive due process in that determination merely because he disagrees with the result. *See Swarthout*, 562 U.S. at 220 (holding that federal review of a California inmate's challenge to parole consideration is limited to whether he received the minimal procedural protections afforded by the Due Process Clause, not whether the state reached the correct result on the merits); *Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[N]o substantive due process right [is] created by California's parole scheme.").

Accordingly, the Court finds that Plaintiff's Complaint fails to state a claim for relief and is subject to *sua sponte* dismissal in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. Because it is clear Plaintiff is unable to state a § 1983 upon which relief may be granted, the dismissal is

26-cv-02573-AJB-MMP

without further leave to amend. *See Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend); *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

### III.   Motion to appoint counsel

Plaintiff requests appointment of counsel on the basis that his claim is meritorious. (Doc. No. 3 at 1.)  There is no constitutional right to counsel in a civil case, and the decision to appoint counsel under 28 U.S.C. § 1915(e)(1) is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (only "exceptional circumstances" support discretionary appointment). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and an inability to articulate claims in light of their legal complexity. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff's Complaint demonstrates that he is fully capable of legibly articulating the facts and circumstances relevant to his claim and he has not shown a likelihood of success on the merits. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel.

### IV.   Conclusion and Orders

For the reasons explained, the Court:

1.      **GRANTS** Plaintiff's Motion to proceed IFP (Doc. No. 2).

2.      **DENIES** Plaintiff's Motion to appoint counsel (Doc. No. 3).

3.      **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $2.93 initial partial filing fee and collect the $347.07 balance of the filing $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's

26-cv-02573-AJB-MMP

income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

4. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

5. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1) without leave to amend. The Clerk of Court will enter a final judgment of dismissal accordingly.

**IT IS SO ORDERED**.

Dated:  May 27, 2026

Hon. Anthony J. Battaglia
United States District Judge

11

26-cv-02573-AJB-MMP